By the Court.—Freedman, J.
The exceptions taken during the trial, relate to the admissibility of the indemnity bond given by the defendants, Douglas, Graham, and Jenkins, to the sheriff, and to their liability thereon, for the sheriff’s acts. The bond contained an obligation in the sum of one thousand dollars, and it recited the recovery by Douglas, of a judgment against William R. Ellis ; that an execution had been issued thereon, and had been directed and delivered to the sheriff; and that certain personal property which appeared to belong to the said judgment debtor, was claimed by some other party or parties. The condition of the obligation was then stated to be such, “that if ; the above bounden obligors shall well and truly save, keep and bear harmless, and indemnify the said James O’Brien, and all and every person and persons aiding and assisting him in the premises, of and from all harm, let, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments, special proceedings, and executions, that shall or may at anytime arise, come, accrue or happen to be brought against him, them, or .any of them, as well for the levying, attaching and making sale under and by virtue of such execution of all or any personal property which he or they shall or may judge to belong to the said judgment debtor, as' in entering any shop, store, building, or other premises, for the taking of any such personal property, then this obligation to be void, else to remain in full force and virtue.”
This bond authorized the sheriff, and all persons acting under him to levy on any property which he or they *251 might judge belonged to Ellis. It was therefore clearly admissible against the parties who had executed it.
As to their liability thereon, it appeared from their answer, that they claimed that the property levied on under the execution, was the same property which was mentioned, and referred to, in the complaint, and that the same belonged to Ellis. The answers of O’Brien and Seebacher also contained an allegation that the property levied on belonged to Ellis. At the trial, the efforts of all the defendants were directed to elicit and to establish the fact that the property in question was in the possession of and used by Ellis ; that it apparently belonged to him ; that he had really a leviable interest therein ; and that it was rightfully levied upon. A prima facie case was thus presented, that the sheriff had not only levied on the property claimed by the plaintiff, but that he had judged that it belonged to Ellis. Under these circumstances, the refusal to dismiss the complaint as against the defendants, Douglas, Graham, and Jenkins, was not error. If at the conclusion of the whole case there remained a doubt as to whether, in making the levy, the sheriff did not exceed the discretion or authority conferred upon him by the bond as to the particular property levied upon, or any part thereof, the court should have been requested to-submit such question to the jury as a question of fact,. But no such request was made.
The defendants also failed to move for the direction of a verdict, and to except to the charge. Under these circumstances, and there being sufficient evidence to sustain the verdict, the motion for a new trial on the minutes was properly denied. On looking over the testimony, no sufficient reason can be discovered why such ruling should be disturbed. All the questions of fact involved in'the case, the ownership of the property, the levy of the sheriff, and the extent of his interference with the property, the release of the levy, the return of *252 the possession of the property, and plaintiff’s acceptance, and the amount Of damages sustained by the plaintiff, were fully and fairly submitted to the jury upon testimony more or less conflicting, and under a charge with which all the defendants were so well satisfied that none of them excepted to it, or any part thereof. The defendants are not entitled, therefore, to have the verdict set aside as being against the weight of the evidence given upon the trial.
The defendants further insist that notwithstanding these matters their motion for a new trial on a case should have prevailed, and that a hew trial should have been granted as a favor on the ground of newly discovered evidence. This evidence is by far too voluminous to be satisfactorily adverted to in detail. It is claimed that it establishes that the plaintiff exercised care and control of and over the looms and property in the third and fourth floor of the factory; that he claimed to be the owner of, and endeavored to sell, the same a long time after his alleged abandonment of the property to the sheriff. If its general effect were to be taken as claimed, the evidence would have been material on the trial, for it would have greatly strengthened the theory of the defense that, though originally there may have been a technical abandonment of the property to the sheriff, the levy was in turn abandoned by the sheriff, and that the plaintiff, after notice of such fact, resumed possession and control. In this aspect the evidence is perhaps not cumulative within the rule, and as it can not be said that the defendants were bound to anticipate plaintiff’s denial of the receipt of notice of the abandonment of the levy, and that they should have been prepared'with proof to strengthen their case on that point, a new trial should have been granted on terms, if, upon the case as made on both sides, the general effect of the alleged newly discovered evidence had been left as the defendants *253 intended it should appear, and the evidence had. remained free from suspicion. But its effect was to a great extent neutralized by opposing affidavits, from which it plainly appeared that the alleged control of and interference with the property related not to the property levied upon, but to certain looms owned by Ellis, which, after Ellis’s death, the plaintiff had taken charge of as administrator. The credibility of the remainder of the evidence was materially impaired by the retractions, explanations, and qualifications, which some of the affiants subsequently made in favor of the plaintiff, and by the account which they gave of the manner in, and the inducements under, which their affidavits had been procured. Besides this there were other highly suspicious circumstances. It was positively shown that several of the so-called newly discovered witnesses could not be found at the places of residence given by them in their several affidavits ; another denied that he had signed or sworn to the affidavit which purported to have been made by Mm; and of still another it was proven, without contradiction, that he had admitted that the affidavit made by him for the defendants was untrue, and had been made for a money consideration. It was also made to appear that the defendants had not only paid out considerable sums, but that they had agreed with one of these witnesses to pay him as much as six hundred dollars for the discovery and procurement of testimony sufficient to obtain a new trial.
Under these circumstances the affidavits produced on both sides did not present a case for a new trial within the established practice of the courts, and the motion was properly denied.
The judgment and the two orders appealed from should be severally affirmed, with costs.
Monelb, Ch. J., concurred.